UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SAMANIEGO,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>   Defendant. | Case No. EDCV 11-865 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On June 10, 2011, plaintiff Laura Samaniego ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 17, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 7, 2008, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 114, 118). Plaintiff asserted that she became disabled on August 30, 2006, due to fibromyalgia, herniated disk L4-L5, seizures, migraines/very bad headaches caused by fibromyalgia, and sciatic problems. (AR 160). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert, and a vocational expert on January 20, 2010. (AR 27-60).

On April 5, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbo-sacral spine, obesity, fibromyalgia, and affective mood disorder (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 13-14); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with certain additional limitations[1] (AR 14);

---

[1]The ALJ determined that plaintiff: (i) could lift and/or carry 10 pounds frequently and 20 pounds occasionally; (ii) could stand and/or walk for two hours out of an eight-hour workday; (iii) could sit for eight hours out of an eight-hour workday with normal breaks and provision to stand and stretch as needed for approximately one to two minutes every hour; (iv) needed to use a cane; (v) could bend and/or stoop occasionally; (vi) could climb stairs; (vii) could not climb ladders, work at heights, or work at jobs that require balance or operate motorized equipment or work around unprotected machinery; and (viii) was limited to moderately complex tasks in a habituated work setting with only non-intense contact with the public, coworkers, and supervisors. (AR 14).

(4) plaintiff could not perform her past relevant work (AR 20); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically electronics worker, hand packer, and information clerk (AR 21); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (AR 16).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

|   |     | Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
|---|-----|---|
|   | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B. Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ erred in evaluating the credibility of plaintiff's subjective complaints. (Plaintiff's Motion at 21-26).  The Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### 1. Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted).  In making a credibility determination, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations and quotation marks omitted).  "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted).  "General findings are insufficient." Reddick, 157 F.3d at 722.  In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration,

frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13; quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

### 2. Analysis

In this case, the ALJ found that plaintiff's allegations of debilitating pain were "not credible to the extent they [were] inconsistent with the [ALJ's] residual functional capacity assessment." (AR 16). Nonetheless, the ALJ failed to provide clear and convincing reasons for discounting plaintiff's subjective symptom allegations, and the Court cannot find that the ALJ's error was harmless.

First, the ALJ discredited plaintiff's subjective complaints of pain, in part, because "[plaintiff] reported she never goes out and has practically no social life . . . [yet plaintiff's] friend reported they met about once a month for coffee." (AR 16) (citing Exhibits 2E at 5 [AR 150]), 8E at 1 [AR 181]). An ALJ may properly discount a plaintiff's credibility based on contradictions in the plaintiff's testimony. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony."). Here, however, the ALJ's finding appears to be based on an inaccurate characterization of the

record. For example, although plaintiff conceded in her function report, in essence, that she would rarely leave her house or socialize (*i.e.,* "I don't go anywhere or should I say I don't visit any of these places [(*e.g.*, church, community center, sports events, social groups)]," plaintiff also stated that "[s]ometimes [her] friend comes over [and] visits." (AR 150). Consistently, plaintiff's friend stated in a third-party function report that "[plaintiff] doesn't get out much," and that she would meet with plaintiff "about once a month . . . for coffee." (AR 185). As there does not appear to be any contradiction between the statements from plaintiff and those from her friend, the ALJ's finding that there was is not a clear and convincing reason for discounting plaintiff's subjective complaints.[2] See Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); see also Valenzuela v. Astrue, 2007 WL 2693679 *1 (9th Cir. Sept. 10, 2007) (unpublished opinion) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony).[3]

Second, the ALJ also stated that "[plaintiff] received routine, conservative, and non-emergency treatment since the alleged onset date." (AR 16). Receipt of only conservative treatment can undermine a claimant's complaints of debilitating pain. See, e.g., Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."), cert. denied, 552 U.S. 1141 (2008) (citation omitted).

---

[2]To the extent the ALJ inferred from such evidence that plaintiff and her friend necessarily met "for coffee" somewhere other than at plaintiff's home, such an inference is not supported by substantial evidence.

[3]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

Here, however, the ALJ's finding in this respect is belied by the record. For example, plaintiff's progress reports reflect that Dr. Akmakjian recommended significantly invasive surgery for plaintiff's back (*i.e.*, "L4 to S1 fusion with instrumentation and bone graft."). (AR 250, 253, 261).[4] Medical records reflect that plaintiff was treated on a continuing basis with trigger point injections of, *inter alia*, Celestone (a steroid) and Marcaine (an anesthetic), and on other occasions plaintiff received epidural injections. (AR 244, 247, 248, 255, 258-59, 261, 278, 282-85). Plaintiff was also prescribed Tylenol #3 which contains a narcotic pain reliever (codeine) and is used for treating moderate to severe pain. (AR 248, 255). In light of the foregoing medical evidence, the ALJ's determination that plaintiff's pain treatment was "conservative" is not supported by substantial evidence. See, e.g., Christie v. Astrue, 2011 WL 4368189, *4 (C.D. Cal. Sep. 16, 2011) (rejecting ALJ's finding that medical care was "conservative" where claimant who suffered from degenerative disc disease and fibromyalgia had received, *inter alia*, steroid injections, trigger point injections, epidural shots, and narcotic pain medication) (citation omitted); Huerta v. Astrue, 2009 WL 2241797, at *4 (C.D. Cal. July 22, 2009) (rejecting ALJ's finding that claimant's pain management treatment, which included "a series of epidural steroid injections," constituted conservative treatment) (citations omitted).

      Third, the ALJ stated that "[plaintiff's] allegations of debilitating pain and being practically immobile are inconsistent with the objective medical evidence which indicates an attempt by [plaintiff] to exaggerate the severity of her symptoms." (AR 16). Such an assertion is not sufficient to discount plaintiff's

---

[4] Although plaintiff ultimately decided not to proceed with the surgery, plaintiff testified that she reached her decision based on a reasonable cost/benefit analysis. (AR 53-54, 248, 250, 253); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted) (ALJ may not reject symptom testimony where claimant provides "evidence of a good reason" for not pursuing treatment).

subjective symptom allegations since the ALJ does not specify the particular medical evidence which purportedly undermines plaintiff's complaints. See Reddick, 157 F.3d at 722 ("General findings are insufficient."). In any event, such a finding cannot form the sole basis for discounting pain testimony. See Burch, 400 F.3d at 681.

Fourth, the ALJ stated that, contrary to plaintiff's allegations that she "has problems with her short-term memory and her ability to speak," at the hearing plaintiff "was able to narrate what drugs she took without having to refer to any material to refresh her recollection . . . [and] was capable of providing the proper names of each drug she took." (AR 16). An ALJ is permitted to rely on her own observations of a claimant during the hearing as one of several legitimate factors affecting credibility. See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (upholding credibility rejection where ALJ's observation of claimant at the hearing was one of several legitimate reasons stated). Here, however, the ALJ was not permitted to rely on this finding since, as discussed above, the ALJ has not provided any other legitimate reasons for discounting plaintiff's credibility. Even assuming that the ALJ properly discounted plaintiff's subjective complaints related to plaintiff's memory and speech limitations based on the ALJ's observations at the hearing, the Court is not persuaded that such a finding, on its own, constitutes a clear and convincing reason for discounting plaintiff's unrelated complaints of pain from degenerative disc disease and fibromyalgia. See Reddick, 157 F.3d at 722.

Finally, the Court cannot find that the ALJ's error was harmless. The ALJ accounted for plaintiff's subjective complaints of pain in her residual functional capacity assessment "only to the extent such complaints [were] credible." (AR 29). Had the ALJ considered that plaintiff's pain treatment was not, as the ALJ asserted, exclusively "conservative," but also included, *inter alia*, a drug used for moderate to *severe* pain (*i.e.,* Tylenol #3 with codeine), the ALJ could reasonably

have found plaintiff's pain allegations more credible, and in turn reached a more restrictive residual functional capacity assessment. Further restriction in the ALJ's assessment that plaintiff retained the residual functional capacity to do only a narrowed range of light work would have been material, particularly in light of the vocational expert's testimony that no jobs would be available for a person with plaintiff's characteristics if that person was "absent three or more days a month due to pain." (AR 59).

## V.  CONCLUSION[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 27, 2012

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to reconsider whether the opinions of Dr. Douglas W. Larson, a state agency psychologist have been adequately addressed. (Plaintiff's Motion at 28-29).

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).